United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>W. L. MUNIZ, et al.,<br><br>    Defendants. | Case No. 14-cv-03753-HSG (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 20 |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently incarcerated. Plaintiff alleged that W.L. Muniz, Warden of SVSP, C. Martella, a staff services analyst at SVSP, S. Hatton, an associate warden of SVSP, and C. Barela, a correctional counselor at SVSP, retaliated against him in violation of his First Amendment rights when they wrongly screened out (rejected at an early stage) or otherwise interfered with the processing of his prison grievances. The Court found that, liberally construed, the complaint stated a cognizable claim for retaliation and ordered service upon defendants. Plaintiff has filed a motion for a preliminary injunction. Defendants have filed an opposition, and plaintiff has filed a reply. For the reasons stated below, plaintiff's motion is DENIED.

In plaintiff's motion, he requests a court order enjoining defendant staff services analyst C. Martella from handling, processing, or screening plaintiff's inmate appeals. Plaintiff represents that, since filing this action, Martella continues her practice of improperly screening out or rejecting his inmate appeals.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

In order to succeed on a claim of retaliation, plaintiff must allege that: (1) a "state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). At this time, a review of the evidence submitted does not show that plaintiff is likely to succeed on the merits.

Nor does plaintiff show that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff states that he bases his motion on inmate appeals nos. SVSP-L-15-70 and SVSP-L-15-01611, which he represents were improperly screened out subsequent to filing the instant action. Defendants have established, however, that although these appeals were initially rejected by Martella, both were accepted for review after plaintiff corrected the deficiencies noted by Martella and resubmitted the appeals. Thus, the record shows that plaintiff still has access to the inmate grievance process, and as a result, the Court is not persuaded that he is likely to suffer irreparable harm in the absence of preliminary relief.

Having concluded that plaintiff has not demonstrated a likelihood of success on the merits at this stage of litigation or a likelihood of irreparable harm, the Court exercises its discretion in declining to consider the remaining factors relevant to determining whether a preliminary injunction should issue. *See Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

Accordingly, plaintiff's motion for a preliminary injunction is DENIED without prejudice. This order terminates Docket No. 20.

**IT IS SO ORDERED.**

Dated: 6/23/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2