UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. L. MUNIZ, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-03753-HSG (PR)<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT; SECOND ORDER OF SERVICE; EXTENDING DISPOSITIVE MOTION DEADLINE**<br><br>Re: Dkt. No. 36 |

## INTRODUCTION

On August 19, 2014, plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that SVSP officials and staff retaliated against him when they improperly screened or otherwise interfered with the processing of his prison grievances.  On January 7, 2015, the Court screened the complaint and found that, liberally construed, it stated a cognizable First Amendment claim against SVSP defendants W.L. Muniz, C. Martella, E. Medina, S. Hatton, and C. Barela.  Now before the Court is plaintiff's motion for leave to amend the complaint to add as a defendant SVSP Appeals Coordinator R. Mojica. Plaintiff has submitted a proposed first amended complaint ("FAC") with the motion.  Defendants have filed an opposition.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(b).  Federal Rule of Civil Procedure 15(a) is to be

applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no indication that plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* Nor is there any suggestion that allowing plaintiff to file his proposed FAC would cause defendants any undue prejudice. *See id.* Defendants' arguments in opposition to the motion go to the merits of plaintiff's claims against R. Mojica. These arguments are better raised in a motion for summary judgment. Accordingly, plaintiff's motion for leave to file an amended complaint is GRANTED.

In the FAC, plaintiff alleges that, in retaliation for his filing of lawsuits and inmate grievances, defendants W.L. Muniz, C. Martella, E. Medina, S. Hatton, C. Barela, and R. Mojica improperly screened out (rejected at an early stage) or otherwise interfered with the processing of his grievances and staff complaints. The Court has screened the FAC as required by 28 U.S.C. § 1915A and finds that, liberally construed it states cognizable First Amendment retaliation claims against defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion for leave to file an amended complaint is GRANTED. The Clerk shall FILE plaintiff's proposed FAC. The Clerk is further DIRECTED to add R. Mojica as a defendant on the docket in this action.

2. Defendants W.L. Muniz, C. Martella, E. Medina, S. Hatton, and C. Barela have been served and have appeared in this action. Defendant R. Mojica has not been served. Accordingly, the Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC in this matter, and a copy of this order on Appeals Coordinator R. Mojica at SVSP. The Clerk also shall serve a copy of this order on plaintiff.

3. In order to give defendants adequate time to review the FAC and prepare a dispositive motion that addresses the claims against the newly added defendant, the Court *sua sponte* extends the deadline for defendants to file a dispositive motion. Accordingly, the briefing schedule for dispositive motions set out in the Court's June 3, 2015 order is VACATED, and the

1  deadline for defendants to file their dispositive motion is CONTINUED to **October 1, 2015**.
2  Plaintiff shall file any opposition to defendants' motion within **twenty-eight (28)** days of the date
3  the motion is filed.  Defendants shall file their reply within **fourteen (14)** days of the date the
4  opposition is filed.
5      This order terminates Docket No. 36.
6      **IT IS SO ORDERED.**
7  Dated: 7/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge