UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD F. MARTINEZ,

    Plaintiff,

v.

W. L. MUNIZ, et al.,

    Defendants.

Case No. 14-cv-03753-HSG (PR)

**ORDER ON PENDING DISCOVERY MOTIONS**

Re: Dkt. Nos. 49, 53, 54, 74

## INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison, where he is currently incarcerated. Plaintiff alleged that defendants Muniz, Martella, Hatton, Barela, Medina, and Mojica, all correctional staff members within the California Department of Corrections and Rehabilitation, retaliated against him in violation of his First Amendment rights when they wrongly screened out (rejected at an early stage) or otherwise interfered with the processing of his prison grievances. The Court found that, liberally construed, the complaint stated a cognizable claim for retaliation and ordered service upon defendants.

Defendants have filed a motion to dismiss and motion for summary judgment that raises the defense of qualified immunity. Plaintiff has filed three motions to compel discovery, and defendants have filed a motion to stay discovery pending the ruling on their qualified immunity argument.

**DISCUSSION**

**A.     Motions to Compel**

Plaintiff's motions to compel will be denied without prejudice. This denial is based on the good faith assurance provided by defendants' counsel in his pleadings that documents and supplemental answers to interrogatories were provided to plaintiff subsequent to plaintiff's filing of his motions to compel. Although it does not appear that the supplemental discovery resolved all of the discovery disputes, the Court is unable to discern which disputes remain, based on the record currently before it.

Defendants' counsel also represents that although the parties engaged in some initial meet-and-confer, defendants requested further discussion so that plaintiff could clarify the information he sought. Defendants' counsel represents that plaintiff refused further discussion and proceeded to file his motions to compel. Plaintiff does not deny that he declined defendants' request for further discussion but represents that clarification was not necessary because defendants could simply reference the complaint. On this record, the Court finds that there remains an opportunity for a meaningful meet-and-confer.

Accordingly, plaintiff's motions to compel are denied without prejudice to re-filing after plaintiff reviews defendants' supplemental responses and engages in further meet-and-confer with defendants' counsel.

Defendants point out that plaintiff did not comply with this Court's standing order requiring a party to obtain leave of court before filing a discovery dispute and specifying that discovery disputes shall be prepared by joint letter brief not to exceed five pages. Because plaintiff is detained, he will not be required to obtain leave of court before filing a future motion to compel. Nor will the parties be required to prepare a joint letter brief. However, plaintiff will be limited to one single motion to compel addressing all remaining discovery disputes and not to exceed fifteen (15) pages. Plaintiff must therein certify that he has engaged in further meet-and-confer. Plaintiff must also clearly inform the Court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient. If plaintiff files a renewed motion to compel, defendants

1   shall file an opposition, not to exceed fifteen (15) pages, within twenty-eight (28) days after the
2   date the motion is filed.  Plaintiff may file a reply brief, not to exceed five (5) pages, within
3   fourteen (14) after the date the opposition is filed.  Plaintiff is reminded that this case presents a
4   straightforward issue:  Did defendants interfere with the processing of his prison grievances?
5   Plaintiff's discovery requests need to be tailored to relate to the specific case brought against
6   defendants.

7   If there are records referred to in plaintiff's discovery requests that do not exist, counsel for
8   defendants should inform plaintiff accordingly so that plaintiff does not include them in any future
9   motion to compel.

**B.  Motion to Stay Discovery**

Citing *Crawford-El v. Britton*, 523 U.S. 574 (1998), defendants argue that discovery should be stayed pending ruling on their pending motion to dismiss and for summary judgment, which assert defendants' entitlement to qualified immunity.  In *Crawford-El*, the Supreme Court held that where a plaintiff files a § 1983 complaint that "requires proof of unlawful motive," the district court, may, "prior to permitting any discovery at all," either (1) require the plaintiff to plead sufficient facts to "establish improper motive causing cognizable injury" or (2) if qualified immunity is raised as a defense, "assum[e] the truth of the plaintiff's allegations" and "resolve that threshold question."  *See id.* at 597-98.

In their pending motion to dismiss and for summary judgment, defendants do claim qualified immunity as an affirmative defense.  However, defendants also claim that they are entitled to summary judgment as a matter of law because plaintiff's First Amendment rights were not violated.  Defendants assert a number of other alternate defenses, including plaintiff's failure to exhaust administrative remedies.  Only if qualified immunity were the sole basis for their motion would the Court consider staying discovery pending resolution of the motion.  Accordingly, defendants' motion to stay discovery pending resolution of the question of qualified immunity is DENIED.

Plaintiff is reminded that his opposition to the pending motion to dismiss and for summary judgment is currently due on or before December 11, 2015.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.	Plaintiff motions to compel (dkt. nos. 49, 53, 54) are DENIED without prejudice.

2.	Defendants' motion to stay discovery (dkt. no. 74) is DENIED.

This order terminates Docket Nos. 49, 53, 54, and 74.

**IT IS SO ORDERED.**

Dated: 10/27/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge